NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――――――――

No. 12-2844

―――――――――――

UNITED STATES OF AMERICA

v.

NELSON OTERO,
                    Appellant

―――――――――――

No. 12-3663

―――――――――――

UNITED STATES OF AMERICA

v.

MAXCIME CAGAN,
                    Appellant

―――――――――――

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal Action Nos. 2-11-cr-00023-001/2)
District Judge: Honorable Stanley R. Chesler

―――――――――――

Submitted Under Third Circuit LAR 34.1(a)
March 4, 2014

Before:  McKEE, Chief Judge, AMBRO, and JORDAN, Circuit Judges

(Opinion filed: March 5, 2014 )

AMBRO, Circuit Judge

Maxcime Cagan and Nelson Otero ("Cagan and Otero" or "Appellants") were each convicted by a jury for their involvement in a series of robberies in the New Jersey area in 2010. Cagan was sentenced to 2,072 months' imprisonment and Otero to 2,094 months' imprisonment. Both appeal their convictions. Cagan's attorney moved to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738 (1967), asserting that all potential grounds for appeal are frivolous. Cagan then filed a *pro se* brief in support of his appeal. Otero refused appointed counsel on appeal and proceeds *pro se*. We grant the *Anders* motion and affirm Appellants' convictions on all counts.

## I. Background

Cagan and Otero were charged with committing seven armed robberies in New Jersey between March and May of 2010. Specifically, a superseding indictment charged each with one count of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act"); seven counts of robbery, in violation of the Hobbs Act; and seven counts of using a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).[1]

---

[1] One of the six firearm counts was charged as a violation of 18 U.S.C. § 924(c)(1)(A)(iii) because firearms were discharged during the course of the robbery. The other six counts charged violations of 18 U.S.C. § 924(c)(1)(A)(ii) because the weapons were merely brandished during the robberies.

Six of the robberies targeted convenience stores; in the seventh, Appellants were charged with robbing a liquor store. The Government presented overwhelming evidence of Appellants' guilt at trial, including: (1) eyewitness accounts from customers and store employees present during the robberies; (2) surveillance video of the robberies; (3) evidence connecting Cagan and Otero to each other and to the robberies, gathered during searches of Otero's residence, a storage locker, and a vehicle used in one of the robberies; (4) recordings of incriminating wiretapped phone conversations; (5) evidence linking Appellants to the rental cars used during the robberies; (6) New Jersey Turnpike records placing those vehicles near the robbery locations at relevant times; (7) cell tower data placing Cagan and Otero near each other and near the robberies at relevant times; (8) ballistics evidence from one of the robberies;[2] (9) the guns used during the robberies, found in Otero's home and in a car Appellants were in when they were arrested; (10) DNA evidence arguably linking the guns to Cagan and Otero; and (11) Cagan's own incriminating statements.

Cagan and Otero separately filed various pre-trial motions to exclude much of the Government's evidence, each of which was either withdrawn before trial or summarily denied by the District Court with one exception. Judge Chesler held three days of hearings and issued a detailed opinion denying Appellants' motions to exclude the Government's ballistics expert. *See United States v. Otero*, 849 F. Supp. 2d 425 (D.N.J. 2012). Following a two-week trial, a jury found Appellants guilty on all counts. The

___

[2] Specifically, the Government presented a "toolmark identification" expert who testified that bullet casings found at the scene of one of the robberies matched guns linked to Cagan and Otero.

District Court, as noted above, sentenced Cagan to 2,072 months' imprisonment: 188 months' imprisonment on each of the Hobbs Act counts, to run concurrently; 84 months' imprisonment on the first gun charge, to run consecutively to all counts; and 300 months' imprisonment on each of the 6 remaining gun charges, also to run consecutively to all counts. Otero received the same sentence, except that he received an additional 22 months' imprisonment on the Hobbs Act charges, resulting in a total imprisonment term of 2,094 months.

**II. Discussion**[3]

We address Cagan's attorney's motion to withdraw, followed by the arguments presented by Cagan and Otero in their *pro se* briefs.

A.

Our rules provide that "[w]here, upon review of the district court record, counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders*." 3d Cir. L.A.R. 109.2(a). If we concur with trial counsel's assessment, we "will grant [the] *Anders* motion, and dispose of the appeal without appointing new counsel." *Id.* Our "inquiry . . . is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001).

---

[3] The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291.

In his *Anders* brief, Cagan's counsel identifies a single potential ground for appeal: that the District Court erred in not excluding the Government's ballistics witness. Our review of the record confirms counsel's assessment.

We apply an abuse-of-discretion standard when reviewing a District Court's decision to admit or exclude expert opinion testimony and its decisions as to how to determine the reliability of that testimony. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 142 (1999); *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008). Counsel for Cagan states that the District Court had an ample basis on which to accept the Government's toolmark expert as reliable. We agree. The District Court held hearings over three days on the issue, taking testimony from both the Government's expert witness, Stephen Deady, and a witness offered by Appellants to discredit the field of toolmark identification. In an exhaustive opinion that analyzed Deady's proposed testimony against each of the factors set out in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593-94 (1993), and rejected Appellants' counter-expert as biased and not credible, the District Court concluded that the Government's witness had "both essential foundations for the admission of expert testimony under [Federal Rule of Evidence] 702—relevance and reliability[.]" *Otero*, 849 F. Supp. 2d at 438. We see no error in that conclusion, and agree with Cagan's counsel that it does not present a basis to challenge Cagan's convictions on appeal.

We also agree with Cagan's counsel that, even assuming the District Court erred in its ruling on the *Daubert* motion or on some other pretrial motion, the remaining evidence the Government presented against Cagan would render such an error harmless.

5

Moreover, our independent review of the record indicates that there is no other nonfrivolous basis on which Cagan may appeal at this time.

B.

Cagan filed a *pro se* brief following his counsel's motion to withdraw. In it he asserts two bases for appeal, neither of which has merit. First, Cagan argues that the search warrants and his arrest were illegal. *See* Cagan Informal Br. at 4-5. That argument appears to be based on the fact that the Government's wiretaps (according to Cagan) contained evidence that Appellants were also trying to rob a drug dealer during the period the robberies were committed, a crime for which they were not indicted. However, the Government sought to introduce only eight conversations from the many tapes of recordings, all of which pertained only to the charged robberies, and the Court thus denied Cagan's motion to exclude irrelevant portions of the tapes as moot. Cagan provides no basis to conclude that his arrest was illegal. Thus his argument concerning the illegality of the wiretaps and his arrest lacks merit.

Second, Cagan asserts that his trial counsel was ineffective. "It has long been the practice of this court to defer the issue of ineffectiveness of trial counsel to a collateral attack." *United States v. Thornton*, 327 F.3d 268, 271 (3d Cir. 2003) (citation omitted); *see also United States v. McLaughlin*, 386 F.3d 547, 555-56 (3d Cir. 2004).[4] Those claims typically involve facts that are not developed in the record, and our Court is ill suited to developing the facts. "When an ineffective-assistance claim is brought on direct

---

[4] We have recognized an exception to this practice where "the record is sufficient to allow determination of the issue." *Thornton*, 327 F.3d at 271. That exception does not apply here.

6

appeal, appellate counsel and the court must proceed on a trial record not developed precisely for the object of litigating or preserving the claim and thus often incomplete or inadequate for this purpose." *Massaro v. United States*, 538 U.S. 500, 504-05 (2003).

The appropriate way for Cagan to challenge the effectiveness of his counsel is an application for a writ of *habeas corpus* under 28 U.S.C. § 2255. We express no opinion on the merits of his ineffectiveness claim at this time.

C.

Otero proceeds *pro se* on appeal, as he did at trial. His informal brief arguably raises three issues on appeal. None of Otero's arguments have merit.

First, Otero challenges the District Court's subject matter jurisdiction. He argues that the Government failed to prove the jurisdictional element for the Hobbs Act charges. Otero raised this argument before the District Court in a post-trial motion under Federal Rule of Criminal Procedure 29(e), and the Court denied the motion in a written opinion. Our review of a district court's ruling on a motion for judgment of acquittal is plenary. *United States v. Berrios*, 676 F.3d 118, 132 (3d Cir. 2012). The Court properly denied the motion. Evidence that "the defendants' conduct produces any interference with or effect upon interstate commerce, whether slight, subtle or even potential," is sufficient to uphold a Hobbs Act prosecution. *United States v. Haywood*, 363 F.3d 200, 210 (3d Cir. 2004). "[A] jury may infer that interstate commerce was affected to some minimal degree from a showing that the business assets were depleted." *Id.* (internal quotation marks and citation omitted). Here the Government met its burden by presenting evidence that each of the businesses Appellants robbed sold products that crossed state lines, and

7

that Appellants stole cash and cigarettes during each of the robberies. This evidence is sufficient to establish the jurisdictional element of the Hobbs Act charges under *Haywood*. The jury thus "could have found the essential elements of the crime beyond a reasonable doubt," *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), and the motion to dismiss the indictment was properly denied.

Second, Otero alleges violations of his statutory and constitutional right to a speedy trial. We ordinarily give plenary review to a district court's compliance with the Speedy Trial Act and review the factual determinations underlying the court's findings for clear error. *United States v. Rivera Constr. Co.*, 863 F.2d 293, 295 n.3 (3d Cir. 1988). Cagan and Otero were arrested on June 6, 2010 in Bergen County, New Jersey by local law enforcement. Both remained in state custody until December 2010, when they were taking into federal custody and ultimately indicted on January 13, 2011. Despite Otero's assertions to the contrary, the time he spent in state custody is not relevant to a determination of whether there was a violation of his speedy trial rights. *United States v. Battis*, 589 F.3d 673, 678-79 (3d Cir. 2009). The trial began no later than March 26, 2012. The delay between the federal indictment and beginning the trial was due largely to the parties' agreement that the trial be designated as a "complex case" (which set agreed-upon extended deadlines) and joint requests by the parties that the trial date be pushed back to allow sufficient time to prepare due to the complexity of the case. Supp. App. at 1-12. The District Court properly excluded this additional time from the Speedy Trial Act computation pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (B)(ii), and (B)(iv). The Government's assertion is correct that no statutory violation occurred. Nor has Otero

shown a violation of his constitutional right to a speedy trial. He did not assert such a violation until February 6, 2012,[5] and his trial began six weeks later. The 15-month delay was attributable mostly to continuances requested by Otero's standby counsel to which Otero consented, and that delay was not unreasonable in light of the volume and complexity of the evidence in this case and the seriousness of the penalties Otero faced. The District Court properly denied his motion to dismiss the indictment on speedy trial grounds.

Finally, to the extent Otero raises ineffective-assistance-of-counsel claims in his *pro se* brief, we decline to review those claims for the reasons explained above.

\* \* \* \* \*

Cagan's appellate counsel adequately fulfilled the requirements of *Anders*, and we grant his motion to withdraw. Neither Cagan nor Otero has presented any nonfrivolous challenge to the judgment of the District Court. We therefore affirm the judgment and dismiss without prejudice the ineffective-assistance-of-counsel claims.

---

[5] "Although delay in asserting the constitutional right to a speedy trial does not constitute a waiver, failure to assert the right will make it difficult for [a defendant] to prove that he was denied a speedy trial." *Hakeem v. Beyer*, 990 F.2d 750, 764 (3d Cir. 1993) (internal quotations marks and citation omitted).